# EXHIBIT A

FILED
SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA

2019 JUN 11  PM 1:08

SUPERIOR COURT OF WASHINGTON
COUNTY OF SKAGIT

| | |
|---|---|
| ARMEN BEEMAN, a single individual,<br><br>　　　　　Plaintiff,<br><br>Vs.<br><br>CITY OF SEDRO WOOLLEY,<br><br>　　　　　Defendant. | No. 19-2 00683 29<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the Plaintiff, Armen Beeman, by and through his attorney, Rodney R. Moody, and hereby alleges as follows:

### I.　PARTIES

1.1　The Plaintiff is a single male and resident of Skagit County, Washington.

1.2　Defendant City of Sedro Woolley is a municipal corporation located within Skagit County, Washington.

### II. JURISDICTION AND VENUE

2.1　Jurisdiction is established pursuant to RCW 4.96 et. seq.

2.2　Venue is proper in Skagit County Superior Court as all matters occurred within Skagit County.

### III. FACTS

3.1　On April 11, 2016, the Plaintiff, Armen Beeman, was a passenger in a motor vehicle driven by his fiancée Kira Syester.

COMPLAINT FOR DAMAGES
Page 1 of 8

*Law Office of*
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940　Fax (425) 740-2941

3.2 During this evening Mr. Beeman had been at Ms. Syester's place of employment. She is a bartender in the Sedro Woolley area and that evening she was at work serving alcohol, but not consuming alcohol herself. After working that evening, she had a distinct odor of alcohol about her person.

3.3 Shortly after midnight Ms. Syester's work shift ended and she closed the business. After this Mr. Beeman and Ms. Syester went to another location where they each consumed one alcoholic beverage.

3.4 Because the Plaintiff had consumed more than one alcoholic drink this evening Ms. Syester was driving Mr. Beeman's vehicle back to her residence.

3.5 Mr. Beeman's vehicle had one headlight that was not operational.

3.6 The defective headlight was observed by Officer Hannawalt of the City of Sedro Woolley Police Department. Because of the defective headlight he affected a traffic stop and pulled this vehicle over. Officer Hannawalt was traveling in the opposite direction and was not able to see the actual operation of the vehicle other than the fact that a headlight was out. He immediately asked if Ms. Syester knew why she had been pulled over and she told him that it was because there was a headlight out. Officer Hannawalt agreed and stated nothing regarding any concern regarding driving while under the influence of alcohol.

3.7 The Plaintiff at the time was a commissioned law enforcement officer working for the Department of Homeland Security with the United States Border Patrol.

3.8 At the time the Plaintiff had a loaded firearm locked inside the passenger dash compartment. Upon the vehicle being pulled over the Plaintiff gave his badge to Ms. Syester so that she could show this to the officer who was pulling them over. Officer Hannawalt was also immediately

COMPLAINT FOR DAMAGES
Page 2 of 8

*Law Office of*
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

3.9 informed for safety purposes that there was a loaded firearm inside the locked dash compartment.

3.9 Even though officer Hannawalt had pulled the vehicle over for the nonoperating headlight he immediately directed Ms. Syester to exit the vehicle to perform field sobriety tests. The Plaintiff remained seated in the passenger side of the vehicle.

3.10 The Plaintiff who had knowledge that Ms. Syester had consumed only one beer attempted to tell Officer Hannawalt to advise him of this so that he would have knowledge Ms. Syester was not intoxicated.

3.11 After an extended period during which Officer Hannawalt was attempting to conduct field sobriety tests and repeatedly asking the same question of Ms. Syester regarding for example but without limitation her activities of the evening during which she clearly informed him that she had been working in a bar serving alcohol the Plaintiff exited the vehicle and stood up remaining near the front passenger door. He addressed Officer Hannawalt and attempted to inform him that his fiancée had only consumed one beer and was not intoxicated. Officer Hannawalt directed the Plaintiff to get back inside the vehicle, which direction the Plaintiff complied with.

3.12 After the Plaintiff returned to the vehicle Officer Hannawalt continued to direct Ms. Syester to perform field sobriety tests as well as continuing to repeatedly ask her the same questions about alcohol consumption. These efforts continued for another extended period.

3.13 The Plaintiff opened the passenger door a second time and stood outside the vehicle attempting to address Officer Hannawalt. At this time a second City of Sedro Woolley Police Officer had arrived on the scene. Officer Carroll had arrived on the scene and when the Plaintiff exited the vehicle a second time Officer Carroll placed the Plaintiff under arrest.

COMPLAINT FOR DAMAGES
Page 3 of 8

*Law Office of*
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

3.14 While in the back of the police vehicle the Plaintiff attempted to speak with both officers' present. In response to this the Officers turned on a rock radio station and turned the volume loud enough such that the Plaintiff being inside the vehicle could not hear what was taking place outside.

3.15 As part of the efforts to ascertain whether Ms. Syester had consumed alcohol Officer Hannawalt had her perform a Horizontal Nystigmus test. Officer Hannawalt's report reflects that she successfully passed this test.

3.16 The Officers present continued to try to find an operational portable breath test. Both officer Hannawalt and Officer Carroll attempted to blow into the portable breath test to see if it was operational. Eventually Officer Hannawalt wiped the straw into which an individual was to blow their breath with an alcoholic wipe. Ms. Syester was then directed to blow into this device. She did as directed and registered a score of 0.142. The use of the alcohol wipe influenced the results of Ms. Syester's breath test. With the improper operation of this test this was an inaccurate result which was known to the officer's present.

3.17 During this event the Plaintiff did attempt to communicate with the officer's present. He made no threatening comments or gestures towards any officer.

3.18 The arrest of the Plaintiff lacked probable cause. During his trial it was admitted by the three officer's present at the scene who all testified that a passengers getting out of the vehicle during a traffic stop and disagreeing with the police officers present, including yelling for a supervisor to come to the scene, was not a violation of any criminal law. They each expressed their opinion that maybe it should be, but they were aware that the actions engaged in by the Plaintiff were not a violation of any criminal law.

Law Office of
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

3.19   While seated inside the police vehicle with loud music playing the Plaintiff began to yell at the officer's present to have a supervisor come to the scene. A senior officer on duty, Officer Holmberg, did come to the scene and speak directly with the Plaintiff while he was restrained in handcuffs in the back of the police car.

3.20   After the Plaintiff was informed by Officer Hannawalt that he was being arrested for obstructing a police officer, Officer Holmberg voiced his opinion that "people like you should not be allowed to work in law enforcement." Officer Hannawalt then commented, "Hopefully this fixes that."

3.21   The Plaintiff was transported to the City of Sedro Woolley Police station.

3.22   On April 11th immediately after his release the Plaintiff spoke with Supervisory Patrol Agent Sean Harlan and Order Patrol Agent Paul Barnes of Homeland Security who were both employed at the Sumas, Washington station. The Plaintiff introduced Ms. Syester to both individuals who were able to observe personally the lack of intoxication present on the part of Ms. Syester.

3.23   The Plaintiff was ultimately charged with the crime of obstructing law enforcement. This matter proceeded to trial and a jury found the Plaintiff not guilty of this charge.

## DUE PROCESS VIOLATION – 42 USC 1983

4.1   The Plaintiff hereby re-alleges and incorporates by reference the proceeding paragraphs as though fully set forth herein.

4.2   This Cause of Action is brought by Plaintiff against the Defendant for deprivation of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

4.3   The above described actions subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the due process clause of

COMPLAINT FOR DAMAGES
Page 5 of 8

*Law Office of*
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C.A. § 1983.

4.4 The Defendant City of Sedro Woolley while acting under the color of state law engaged in a policy of knowingly permitting an illegal arrest and criminal prosecution to occur.

4.5 This knowledge was immediately known to the agents of the City of Sedro Woolley as exhibited by their comments that the Plaintiff who they knew to be a commissioned law enforcement officer should no longer be able to work permitted to work in law enforcement because of their perception of his actions..

4.6 The above identified policies were sanctioned by Defendant Sedro Woolley through the actions of these officers/agents.

4.7 This policy has impacted the Plaintiff's constitutional right to be free to pursue his occupation.

4.8 The Defendants engaging in the above identified policy resulted in the constitutional deprivations to Plaintiff. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff suffered damages. Plaintiffs' claim for damages resulting from such violation of due process right is made pursuant to 42 U.S.C. § 1983.

CONSPIRACY TO COMMIT VIOLATION OF CIVIL RIGHTS – 42 USC 1985(3)

5.1 Plaintiffs re-alleges and incorporates by reference the proceeding paragraphs as though fully set forth herein.

5.2 Defendant City of Sedro Woolley under color of state action together with other Defendants' employees and agents by the action and conduct alleged herein engaged in a conspiracy for the purpose of depriving the Plaintiff of his constitutional right to pursue an occupation.

COMPLAINT FOR DAMAGES
Page 6 of 8

*Law Office of*
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

5.3 The Defendant through their agents acted as conspirators in furtherance of the conspiracy, and such acts injured Plaintiff by depriving him of his right to exercise rights and privileges afforded to him pursuant to the United States Constitution.

5.4 As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered injury and damages for which he is seeking to recover against the Defendants in amounts to be proven at the time of trial including but not limited to punitive damages.

## NEGLIGENT SUPERVISION

6.1 Plaintiff realleges the preceding paragraphs as if fully set forth herein.

6.2 Defendant City of Sedro Woolley has engaged in the negligent retention and supervision of Officer Holmberg and Officer Hannawalt by failing to oversee the legally proper training of these Officer's.

6.3 As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants, Plaintiff has sustained injuries.

6.4 Plaintiff has suffered damages in an amount to be established at trial.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

7.1 Plaintiff hereby realleges the preceding paragraphs as if set forth in full.

7.2 Defendant City of Sedro Woolley through its agents owed the Plaintiff a duty not to inflict emotional distress by placing him unlawfully under arrest and pursuing unlawful prosecution.

7.3 Plaintiff has experienced damages is both a direct and proximate result of the breach of this duty owed to him.

7.4 Plaintiff has experienced financial damages in an amount to be established at trial.

COMPLAINT FOR DAMAGES
Page 7 of 8

*Law Office of*
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

## JURY DEMAND

8.1   The Plaintiff hereby demands a jury of twelve.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for the following relief:

1. Back pay and other economic damages;

2. Emotional distress damages;

3. Pre-judgment interest;

4. Reasonable attorney's fees and litigation expenses;

5. Tax relief;

6. Costs;

7. Such other relief as the Court deems appropriate.

DATED this 10th day of June, 2019.

_____
Rodney R. Moody, WSBA #17416
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 8 of 8

*Law Office of*
RODNEY R. MOODY
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941